Charles A. Loreto, J.
The relator was indicted for “ unlawfully manufacturing an illicit alcoholic beverage * * * not being then a licensed distiller,” and owning, operating and possessing a still 'and other distilling apparatus not lawfully registered pursuant to Federal law (Alcoholic Beverage Control Law, § 153). Originally he was permitted to plead guilty to the crime charged, as a misdemeanor, although it is defined in the statute as a felony. Thereafter he was permitted to withdraw his plea of guilty and permitted to plead guilty to a violation of section 151 of the Alcoholic Beverage Control Law, a misdemeanor: “knowingly possess or have under his control any illicit alcoholic beverages ”.
The relator contends that he is illegally detained under a void judgment of conviction rendered by the Bronx County Court. A prior writ sued out by relator, claiming that the statute under which he was convicted is unconstitutional, was dismissed by Mr. Justice Hoestadter on November 6, 1959.
Relator now urges that the court lacked jurisdiction since the crime being a misdemeanor committed in the City of New York must be tried in the Court of Special Sessions (New York City Crim. Cts. Act, § 31, subd. 1). The statute in question provides that “ The court shall have in the first instance exclusive jurisdiction to hear and determine all charges of misdemeanor committed within the city of New York ” and may be divested of jurisdiction only “ If, before the commencement of the trial * * * a grand jury shall present an indictment against the same person for the same offense ’
*943 Sections 444 and 445 of the Code of Criminal Procedure provide that a defendant may be found guilty of a crime of “ any degree inferior” to or ‘ ‘ necessarily included” in the crime charged in the indictment. In People v. Mussenden (308 N. Y. 558) the court stated: “ While the case before us is not strictly within the terms of either of those statutes — since both of the offenses involved were charged in the indictment itself —- it is plain that it must be governed by the same principles ’ ’ (p. 561). “ The principle has, accordingly, evolved that the submission of a lesser degree or an included crime is justified only where there is some basis in the evidence for finding the accused innocent of the higher crime, and yet guilty of the lower one ” (citations) (p. 563).
The case before us is similar in that two related offenses set forth in the same act, one denominated a felony and the second as a misdemeanor, ‘ ‘ possession and control of illicit beverages ’ ’ under the latter clearly embraced within the former charging ‘ ‘ unlawful manufacture of an illicit alcoholic beverage.” The writ is therefore dismissed.